JOSEPH JOHN SIGUENZA (CASBN 92327)
LAW OFFICES OF ASHWANI BHAKHRI
1818 Gilbreth Rd., #145
Burlingame, CA 94010
Telephone: (650) 685-6334
Facsimile: (650) 685-6351
bhakhrilawfirm@gmail.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ranjeet Kaur,<br><br>    Plaintiff,<br><br>  v.<br><br>Thomas Schuurmans Director USCIS Nebraska Service Center; Joseph Edlow, Director USCIS; Kristi Noem, USDHS Secretary; Pamela Bondi, U.S. Attorney General; Does1 to 50,<br><br>    Defendants.<br>_____ / | AGENCY NO. 216 628 642<br><br>COMPLAINT FOR A WRIT IN THE NATURE OF MANDAMUS |

Plaintiff alleges as follows:

1.    This is a civil action brought pursuant to 8 U.S.C. Section 1158, 28 U.S.C. Section 1331 and 1361, 5 U.S.C. Section 701, and 28 U.S.C. Section 2201, et seq,, to redress the deprivation of rights, privileges and immunities secured to plaintiff, and to compel defendants to perform a duty they owe to plaintiff. Jurisdiction is also conferred by 5 U,S.C. Section 704.

2.    This action is brought to compel defendants, and each of them, and those acting under them, to take action on plaintiff's asylee I-485 application for adjustment of status.  Plaintiff is ignorant of the true names and capacities of defendants sued herein as Does 1 through 50, and therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities of said fictitiously named defendants when they are

1

ascertained.

3. On information and belief. plaintiff alleges that each of the fictitiously named defendants is responsible for each of the acts and omissions alleged herein.

4. Plaintiff is informed and believes and thereon alleges, that each of the defendants herein was, at art times relevant to this action, the agency or employee of the remaining defendants, and was acting within the course and scope of that relationship in doing the things herein alleged. Furthermore, in committing the acts and omissions alleged herein, the defendants, and each of them, were acting with the knowledge, consent, approval, and/or ratification of their co-defendants.

5. Venue in this court is proper, pursuant to 28 U.S.C. Section 1391 (e), in that this is an action against officers and agencies of the United States in their official capacities, brought in the district where plaintiff resides, and where a substantial part of the events or omissions giving rise to plaintiff's claim occurred.  Plaintiff currently resides at 720      W. Weber Ave., Apt. 185, Stockton, San Joaquin County, CA.  .        .

6. Plaintiff is an asylee who was granted asylum in removal proceedings on June 17, 2019. (**Ex. 1**).  Plaintiff filed an I-485 asylee application for adjustment of status (**Ex. 2**), which was received by USCIS on September 11, 2020 (**Ex. 3**).  Biometrics were captured on November 18, 2020 (**Ex. 4**).

7. There has been no agency determination on the I-485 application.

8. It is incumbent upon the United States Citizenship and Immigration Services ("USCIS") to adjudicate the I-485 application.  The instant Complaint is filed seeking appropriate relief. Plaintiff alleges that the inactions of defendants, and each of them, are arbitrary and capricious.

9. Plaintiff alleges that defendant, Thomas Schuurmans, as USCIS Service Center Director, has a role in the adjudication of plaintiff's 1-485 application, and is sued in his official capacity. Defendant Joseph Edlow, as USCIS Director, has a role in the adjudication of the application, and is sued in his official capacity. Defendant Kristi Noem is sued in her official capacity as DHS Secretary, whose agency oversees the functions of both DHS and USCIS. Defendant, Pamela Bondi, is sued in her official capacity as U.S. Attorney General, is generally charged

with enforcement of the Immigration and Nationality Act ("INA"), and is further authorized to delegate such powers and authority to subordinate employees of the Department of Justice and DHS. More specifically, the Attorney General is responsible for overseeing the functions of DHS, its employees and agents. USCIS is an agency within the DHS to which the Attorney General's authority has in part been delegated.  It is thus subject to the Attorney General's supervision.

10.     The refusal of defendants, and each of them, to act in this case, is as a matter of law arbitrary and capricious and not in accordance with the law.  Plaintiff has been greatly damaged as a result thereof. Plaintiff is harmed because of the delay of defendants, and each of them, in failing to adjudicate plaintiff's application..

11.     The statute 28 U.S.C. § 1361 provides this Court with jurisdiction of "an action in the nature of mandamus to compel an officer or employee Of the United States or any agency thereof to perform a duty owed to the plaintiff'. "A writ of mandamus is a 'drastic and extraordinary' remedy 'reserved for really extraordinary cases.'" *Cheney v. U.S. Dist. Court, 542 U.S. 367, 380 [124 S. Ct. 2576] (2004), quoting Ex Parte Fahey, 332 U.S. 258, 259-60 [67 S. Ct. 1558] (1947).*

12.     Mandamus does not supersede other remedies and only comes into play when there is a want of such remedies. *Carter v. Seamans, 411 F.2d 767 (5th Cir. 1969), cert. denied, 397 U.S. 941 (1970).* The power of the district court to compel official action by mandatory order is limited to the enforcement of non-discretionary, plainly defined, and purely ministerial duties. *Decatur v. Paulding, 39 U.S. (1 Pet.) 496, 514-17 (1840); Work v. Rives, 267 U.S, 175, 177 (45 S. It 252) (1925); Wilbur v. U.S., 281 U.S. 206, 218 (52 S. Ct 113] (1930).*

13.     Mandamus is an appropriate remedy "only when the plaintiffs claim is clear and certain and the duty of the officer is ministerial and so plainly prescribed as to be free from doubt.'" *Giddings v. Chandler, 979 F.2d 1104, 1108 (5th Cir., 1992), quoting Nova Stylings, Inc. v. Ladd, 695 F.2d 1179, 1180 (9" Cir. 1983).*

14.     A mandamus plaintiff must demonstrate that: "(1) the plaintiff has a clear right to the relief requested; (2) the defendant has a clear duty to perform the act in question; and (3) there is

no other adequate remedy available to the plaintiff." *Lovitky v. Trump, 949 F.3d 753, 759 (D.C. Cir. 2020); See also Am. Hospital Ass'n v. Burwell, 812 F.3d 183,189 (D.C. Cir. 2016).*

15.     To determine whether a plaintiff has a clear right to relief, courts should look to whether 'the plaintiff falls within the 'zone of interest' of the underlying statute. *Giddings, 979 F.2d at 1108.* This test has two parts: first the court should "determine what interests the statute arguably was intended to protect, and second, the court must determine whether 'the plaintiff's interests affected by the agency action in question are among them.'" *Bangura v. Hansen, 434 F.3d 487, 499 (6th Cir. 206) [Emphasis original], quoting Nat'l Credit Union Admin. V. First Nat'l Bank & trust Co., 522 U.S. 479,492 (1998).*

16.     The Administrative Procedure Act ("APA") requires that, "within a reasonable time, each agency shall proceed to conclude a matter presented to it." *5 U.S.C. § 555(b).* The APA provides that the "reviewing court shall — compel agency action unlawfully withheld or unreasonably delayed." *5 U.S.C. § 706(1).* "Through [Section] 706 Congress has stated unequivocally that courts must compel agency action unlawfully withheld or unreasonably delayed.'" *Southern Utah Wilderness Alliance v. Norton, 301 F.3d 1217, 1225-26 (10th Cir. 2002) [Emphasis in original], quoting Forest Guardians v. Babbitt, 174 F.3d 1178, 1187 (l0th Cir. 1999). "[W]hen an entity governed by the APA fails to comply with a statutorily imposed deadline, it has unlawfully withheld agency action and courts, upon proper application, must compel the agency io act." Forest Guardians, 174 F.3d at 1190.*

17.     The APA provides a jurisdictional basis for judicial review through 28 U.S.C. § 1331. *Perez Perez v. Wolf, 943 F.3d 853, 860 (9th Cir. 2019); Valerio v. Limon, 533 F. Supp. 3d 439, 452 (S.D. Tex. 2021).*

18.     The decision of the D.C. Circuit in Telecommunications Research & Action Center v. FCC TRAC), *750 F.2d 70, 80 (D.C. Cir. 1984)* identifies six factors for the court to consider when evaluating the need for relief with respect to a claim for unreasonable delay: l. Whether a 'rule of reason' governs the time an agency takes to make a decision; 2. Whether Congress has provided in the enabling statute a timetable or other indication of the speed with which it expects the agency to proceed, thus supplying content for the rule of reason; 3. The affected sphere of

regulation, because delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; 4. The effect of expediting delayed action on agency activities of a higher or competing priority; 5. The nature and extent of the interests prejudiced by delay; and 6. Any impropriety of the agency, although the court need not find any impropriety lurking behind agency lassitude to hold that agency action is 'unreasonably delayed.' A*fghan & Iraqi Allied v. Blinken, 643 F. Supp, 3d 148, 154(D.D.C. 2022), quoting TRAC 750 F.2d at 80; See also Fangfang Xu v. Cissna, 434 F. Supp. 43, 51 (S.D.N.Y. 2020); M.J.L. v McAleenan, 420 F. Supp. 3d 588. 597-98 (W.D. Tex. 2019); Varol v. Radel, 420 F. Supp. 3d 1089, 1097 (S.D. Cal. 2019); L.M. v. Johnson 150 F. Supp. 3d 202, 207 (E.D.N.Y. 20t5).*

19.    With respect to the first TRAC factor,  plaintiff's application has been pending for more than five years. Thus, the agency is currently not operating on any "rule of reason" governing its operation to adjudicate the application.  Therefore, the first two TRAC factors should weigh in plaintiff's favor.

20.    The third TRAC factor, which concerns plaintiff's health and welfare, also weighs in plaintiffs' favor. Plaintiff faces uncertainty while the application remains pending for an indeterminate period of time.  Plaintiff experiences stress in the uncertainty of his future.  More than five years after the filing of the application, such stress on plaintiff's health and welfare is injurious.

21.    With respect to the fourth TRAC factor, concerning the effects of expediting delayed action on activities of a higher or competing priority, this is not a case of granting relief to plaintiff simply by moving him 'to the front of the line at the expense of all other applicants who may not have filed an application for mandamus." *Varol, 420 F. Supp. 3d at 1098.* This is because the agency cannot establish that the delay in adjudicating the application is attributable to its being engaged in any "activities of a higher or competing priority." Accordingly, this factor weighs in favor of plaintiff because he is not gaining an advantage over any other competing needs.

22.    Concerning the fifth TRAC factor, the nature and extent of the interests prejudiced by

delay, plaintiff has been "damaged by this unreasonable delay and the insecurity of his status." *Asmai v. Johnson, 182 F. Supp. 3d 1086, 1096 (E.D. Cal. 2016) (finding economic and welfare interests under third and fifth TRAC factors had been implicated by 15-year delay in adjudication of I-485 Adjustment of Status Application).*

23.    Here, plaintiff is unable to plan for his future while his immigration status in the United States continues to be uncertain. This factor weighs in plaintiff's favor.

24.    With regard to the sixth and final TRAC factor, whether the USCIS's impropriety contributed to the delay, this factor is neutral as there is no indication of impropriety on the agency's part.

25.    Given the agency's  failure to act, plaintiff is without any other remedy than either this Court issuing a writ of mandamus or exercising APA Review under Section 706(1). Plaintiff's circumstances in having to wait over four years for I-485 adjudication represent extraordinary circumstances warranting the intervention of this Court.

26.    The agency's duty to act on plaintiff's application is non-discretionary and jurisdiction exists for this Court to review plaintiff's prayer. Even if this court does not have jurisdiction over any ultimate decision approving or denying plaintiff's application, USCIS's delay is not insulated from judicial review and plaintiff requests that the Court conduct such review.

27.    As five of the six TRAC factors weigh in plaintiffs favor and the remaining factor is neutral, this Court should exercise its authority under Section 706(1) of the APA, or in the alternative, issue a writ of mandamus pursuant to Section 1361, to compel defendant USCIS to adjudicate plaintiff's I-485 application..

PRAYER FOR RELIEF

Therefore, plaintiff prays that defendants, and each of them, be cited to appear herein and that the Court enter an order:

- Compelling defendants, and each of them, to adjudicate plaintiff's I-485 application;
- Awarding plaintiff reasonable attorney's fees and costs; And,
- Granting such other relief at law and in equity, as justice may require.

Dated: 11/17/2025

LAW OFFICES OF ASHWANI K. BHAKHRI

/s/Joseph Siguenza
Joseph Siguenza
Attorneys for Plaintiff